1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJU A.T. DAHLSTROM,

                              Plaintiff,

        v.

LIFECARE CENTERS OF AMERICA,
INC., et al.,

                              Defendants.

CASE NO. C21-1465-TL-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION

This matter comes before the Court on a Motion to Remand, including a request for oral argument, filed by pro se Plaintiff Raju A.T. Dahlstrom. Dkt. 14.[1] Defendants Mt. Vernon Operations, LLC (MVO), Skagit County, and Northwest Regional Council (NWRC), Daniel "Dan" Murphy, and Peter Acosta (hereinafter "NWRC Defendants") oppose the motion to remand. Dkts. 24-26. The Court, having considered the motion, submissions in favor and opposition, and relevant portions of the record, finds oral argument unnecessary and concludes

---

[1] As discussed below, Plaintiff also filed but subsequently rescinded a Notice of Voluntary Dismissal in which he sought to "dismiss all claims under 42 U.S.C. § 1983 against all defendants without prejudice." Dkts. 28 & 37.

1    Plaintiff's Motion to Remand, Dkt. 14, should be DENIED.

2                                  BACKGROUND

3            On August 17, 2021, Plaintiff filed a summons and complaint in Skagit County Superior

4    Court, raising employment-related claims and naming numerous individuals and entities as

5    Defendants. *See Dahlstrom v. Life Care Centers of America, et al.*, No. 21-2-00465-29.  The

6    complaint includes both state law claims and claims under 42 U.S.C. § 1983.  Dkt. 1-2.  The §

7    1983 claims include retaliation in violation of Plaintiff's First Amendment rights, denial of due

8    process and equal protection in violation of the Fourteenth Amendment, and invasion of privacy

9    in violation of the Fourth Amendment.  *Id*. at 61-67.

10           Plaintiff served Defendant MVO with the summons and complaint on October 8, 2021.

11   Dkt. 1, ¶1.[2]  MVO, on October 27, 2021, filed a Notice of Removal in this Court based on

12   federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).  Dkt. 1.  The notice

13   attached copies of Plaintiff's complaint and notices of appearance for MVO and a number of

14   other Defendants, including Washington State Department of Social and Health Services

15   (DSHS), Skagit County, and the NWRC Defendants.  On the following day, October 28, 2021,

16   MVO filed an Amended Notice of Removal.  Dkt. 2.  The amended notice differs from the

17   original in including previously omitted language stating that all defendants "properly joined and

18   served" consented to removal of the action.  *Id*. at 2.  On November 28, 2021, Plaintiff moved to

19   remand this action to superior court.  Dkt. 14.

20           */ / /*

21

22   _____

23           [2] A certificate of service filed in superior court indicates Plaintiff effectuated service on MVO on
     October 8, 2021 by placing a summons and complaint "under door" at MVO's address, while a
     declaration of service attests to personal service on MVO at that same address on October 14, 2021.  Dkt.
24   10-1 at 8-9.

DISCUSSION

A.    <u>Removal and Remand Rules and Standards</u>

A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. For federal question jurisdiction, as is at issue here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The "threshold requirement" for removal on this basis "is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (cleaned up and citations omitted).

A defendant seeking to remove a civil action must file a notice of removal in the district court where the state action is pending. 28 U.S.C. § 1446(a). The notice must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant" if the complaint was filed in court and is not required to be served on the defendant. 28 U.S.C. § 1446(b)(1). *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (removal timely under § 1446(b) with the filing of a notice of removal within thirty days of the day a defendant was "notified of the action, and brought under a court's authority, by formal process.")

When removed solely under 28 U.S.C. § 1441(a), the "rule of unanimity" requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). *Accord Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("All defendants who have been properly served in the action must join a petition for

1   removal.") (cleaned up).  The removing defendant must file, contemporaneously with the notice

2   of removal, a copy of the operative complaint and a certificate of service listing all counsel and

3   pro se parties who have appeared in the action, with their contact information.  LCR 101(b)(1)-

4   (2).  The removing defendant must also, within fourteen days of filing the notice, file "copies of

5   all additional records and proceedings in the state court, together with defendant's or defense

6   counsel's verification that they are true and complete copies of all the records and proceedings in

7   the state court proceeding."  LCR 101(c); *see also* 28 U.S.C. § 1447(b) (district court may

8   require moving party to file copies of all records and proceedings in state court).  The copies

9   need not be certified or exemplified by the state court and the removing party need not refile

10  records and proceedings filed with the notice of removal.  LCR 101(c).

11          A plaintiff may challenge removal with a motion to remand.  Pursuant to 28 U.S.C. §

12  1447(c), a motion to remand based on any defect other than the absence of subject matter

13  jurisdiction must be made within thirty days after the filing of a notice of removal.  *N. Cal. Dist.*

14  *Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 2003).

15  Conversely, if the motion to remand is based on an absence of subject matter jurisdiction, the

16  thirty-day time limit does not apply.  *See* 28 U.S.C. § 1447(c).

17          The party seeking removal has the burden of proving that federal jurisdiction exists and

18  the removal statute is strictly construed against removal.  *Hunter*, 582 F.3d at 1042.  Any doubts

19  as to federal jurisdiction are resolved in favor of remanding a case to state court.  *Gaus v. Miles,*

20  *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  However, the Court lacks discretion to remand a case to

21  state court if the case was properly removed.  *See Carpenters S. Cal. Admin. Corp. v. Majestic*

22  *Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984), *abrogated in part on other grounds as stated in*

23

24

1   *Southern Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 & n.6

2   (9th Cir. 2001).

3   B.    Plaintiff's Motion to Remand

4           Plaintiff contends this matter was improperly removed, contesting both federal question

5   subject matter jurisdiction and asserting procedural defects in removal.  Defendants assert the

6   proper removal of this matter based on subject matter jurisdiction and deem Plaintiff's

7   challenges to procedural defects untimely.  The Court, for the reasons set forth below, finds this

8   matter properly removed and no basis for remand.

9           1.    Subject matter jurisdiction:

10          Plaintiff concedes he raised federal claims in his complaint and that MVO timely

11  removed this matter pursuant to 28 U.S.C. § 1446(b).  Dkt. 14 at 4.  Plaintiff contends removal

12  was nonetheless improper in that, while his complaint "may involve federal questions raised as a

13  *defense*, . . . the claims raised are based upon state law and state constitutional provisions which

14  merely incorporate by reference federal laws." Dkt. 14 at 2-4 (emphasis in original).  He depicts

15  his inclusion of § 1983 claims against MVO as a "mistake or error" and clarifies his intention "to

16  hold only governmental actors responsible for [§] 1983 violations, in state court."  *Id*. at 4-7.  He

17  also filed and subsequently rescinded a Notice of Voluntary Dismissal in which he sought,

18  pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), to "dismiss all claims under 42 U.S.C. § 1983 against

19  all defendants without prejudice."  Dkts. 28 & 37; *see also* Dkt. 29 at 5.

20          In determining the existence of federal question jurisdiction, "the well-pleaded complaint

21  rule 'provides that federal jurisdiction exists only when a federal question is presented on the

22  face of the plaintiff's properly pleaded complaint.'"  *Hunter*, 582 F.3d at 1042 (quoted source

23  omitted).  A plaintiff is "'the master of his complaint' and may 'avoid federal jurisdiction by

24

1    relying exclusively on state law.'" *Id.*  In this case, Plaintiff, by including civil rights claims

2    under § 1983, presented federal questions within this Court's original jurisdiction.  There is, as

3    such, no question this matter was properly removed based on federal subject matter jurisdiction.

4         Plaintiff may not, moreover, alter the existence of this Court's jurisdiction by stipulating

5    to the dismissal of claims under § 1983.  Had he not rescinded his notice of voluntary dismissal,

6    the Court would have stricken the notice as ineffective and improper.  Specifically, pursuant to

7    Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff sought to "dismiss all *claims* under 42 U.S.C. § 1983

8    against all defendants without prejudice."  Dkt. 28 (emphasis added).  However, Rule 41(a)

9    "governs dismissals of *entire actions*, not of individual claims."  *Hells Canyon Pres. Council v.*

10   *United States Forest Services*, 403 F.3d 683, 687 (9th Cir. 2005) (explaining: "Most

11   contemporary courts, including our own, have declined to read [Rule 41(a)] literally as

12   permitting the dismissal only of an *entire* action against *all* defendants. These same cases,

13   however, have only extended the rule to allow the dismissal of *all* claims against *one* defendant,

14   so that a defendant may be dismissed from the entire action. Nothing in the case law suggests

15   that Rule 41(a) extends to the voluntary withdrawal of individual claims against a defendant

16   remaining in the case.") (internal citation omitted).  Relating specifically to Rule 41(a)(1), the

17   Ninth Circuit has held that the Rule "does not allow for piecemeal dismissals."  *Id.*  "Instead,

18   withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15,

19   which addresses amendments to pleadings."  *Id.* (citing *Ethridge v. Harbor House Restaurant*,

20   861 F.2d 1389, 1392 (9th Cir. 1988) ("[A] plaintiff may not use Rule 41(a)(1)(i) to dismiss,

21   unilaterally, a single claim from a multi-claim complaint.")); *Thompson v. Gate Gourmet Inc.*,

22   C21-0510-JCC-DWC, 2021 WL 3425431, at *1-2 (W.D. Wash. June 22, 2021) (finding same

23

24

REPORT AND RECOMMENDATION - 6

1   with motion under Rule 41(a)(2)), report and recommendation adopted, 2021 WL 3418827

2   (W.D. Wash. Aug. 5, 2021).[3]

3          Further, "'[i]n determining the existence of removal jurisdiction, based upon a federal

4   question, the court must look to the complaint *as of the time the removal petition was filed*.'"

5   *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) (quoting *O'Halloran v.*

6   *Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (emphasis added)).  "[A] plaintiff may not

7   compel remand by amending a complaint to eliminate the federal question upon which removal

8   was based." *Thompson*, 2021 WL 3425431, at *3.  In other words, an attempt to dismiss the §

9   1983 claims "does not extinguish federal question jurisdiction," nor would an amended

10  complaint.  *Id*. (citing *Stub v. Credit Control Servs. Inc.*, C20-6118-TLF, 2021 WL 141530, at *2

11  (W.D. Wash. Jan. 15, 2021) (finding any subsequent amendment after removal was insufficient

12  to remove the Court's subject matter jurisdiction or compel immediate remand of the case, but

13  declining supplemental jurisdiction after the federal claims were dismissed)).  "'Jurisdiction is

14  based on the complaint as originally filed and not as amended.'" *Abada*, 300 F.3d at 1117

15  ("[T]he fact that Abada amended his complaint to include a federal claim is of no significance

16  with regard to removal jurisdiction.") (citations omitted).  Accordingly, only if and when

17  Plaintiff moves to file an amended complaint omitting all of his § 1983 claims against all

18  Defendants would the Court determine whether it will retain its supplemental jurisdiction to hear

19

20

21          [3] In the "Voluntary Rescission" of his notice of dismissal, Plaintiff cites to cases in which the
    Ninth Circuit stated that Rule 41 allows a plaintiff to voluntarily dismiss "some or all" claims against

22  "some or all" defendants.  *See* Dkt. 37 at 2 (citing *Romoland Sch. Dist. v. Inland Empire Energy Ctr.,*
    *LLC*, 548 F.3d 738, 748 (9th Cir. 2008); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)).
    However, those cases are distinguishable because there plaintiffs sought to dismiss entire actions, not

23  individual claims.  The cases directly addressing the attempt to dismiss individual claims are the proper
    precedent to follow.  *Kennedy v. Full Tilt Poker*, C09-7964, 2010 WL 3984749, at *2 & n.16 (C.D. Cal.

24  Oct. 12, 2010).

1  remaining state law claims.  *See* 28 U.S.C. § 1367 (describing basis for supplemental jurisdiction

2  and for declining to exercise supplemental jurisdiction).

3         2.    Procedural defects:

4         Plaintiff asserts a procedural defect in MVO's failure to file with the notice of removal

5  the attachments to his complaint.  *Compare* Dkt. 1-2 (70-page complaint), *with* Dkt. 14-1 (70-

6  page complaint with 460 pages of attachments).  He also contends MVO failed to "specifically

7  identify counsels for the various defendants that actually signed on to the" notice of removal,

8  Dkt. 27 at 2, and construes the absence of any mention of Life Care Centers of America, Inc.

9  (LCCA) as indicating it did not approve of the removal, Dkt. 29 at 4.[4]

10        Defendants contend the motion to remand based on a procedural defect is untimely

11 because it was filed more than thirty days after the filing of the notice of removal.  That is,

12 instead of moving to remand on or before November 26, 2021, thirty days after the October 27,

13 2021 notice of removal, Plaintiff filed his motion on November 28, 2021.  *See* Dkts. 1 & 14.

14 Plaintiff contends he timely filed his motion within thirty days of the amended notice of removal

15 filed on October 28, 2021.  *See* Dkt. 2.  He also argues the thirty-day deadline runs from when

16 he received the notice or amended notice, in this case on or about November 1, 2021 and

17 November 4, 2021 respectively.

18        A motion to remand based on a defect other than subject matter jurisdiction "must be

19 made within 30 days after the *filing* of the notice of removal", 28 U.S.C. § 1447(c) (emphasis

20 added), not thirty days after a party *receives* the notice.  Some courts have, however, found a

21 ─────────────────────

22 ⁴ Ordinarily, the Court would not consider alleged procedural defects identified well beyond the thirty-day deadline and raised for the first time in a reply, Dkt. 29, and non-sanctioned brief, Dkt. 27.  *See, e.g., N. Cal. Dist. Council of Laborers*, 69 F.3d at 1038 (barring a procedural defect argument raised for the first time in a reply to a motion to remand filed outside the allotted thirty-day period); *Amazon.com*

23 *LLC v. Lav*, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010) ("Arguments cannot be raised properly for the first time on reply.")  The Court does so here in light of Plaintiff's pro se status.

24

1    motion to remand timely when filed within thirty days of an amended notice of removal that

2    corrects an original, defective notice and is considered the operative notice of removal.  *See, e.g.,*

3    *Weiss & Moy PC v. Berg*, C21-1730, 2022 WL 130968, at *3 (D. Ariz. Jan. 14, 2022) (finding

4    thirty-day deadline ran from an amended notice of removal where the original notice failed to

5    properly allege the existence of diversity jurisdiction and did not indicate whether a served

6    defendant consented to the removal).  *See also Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp.

7    2d 1239, 1242 (M.D. Ala. 2008) ("Original and amended notices of removal constitute removal

8    notices; with the filing of an amended removal notice, the 30-day period for filing a remand

9    motion should, in general, begin again.").  In this case, the amended notice of removal included

10   language omitted from the original and stating that all defendants "properly joined and served"

11   consented to the removal.  Dkt. 2 at 2.  It is not clear the addition of such language in an

12   amended notice, without more, would suffice to trigger a new thirty-day filing deadline.[5]  In any

13   event, even assuming a timely filing running from the amended notice of removal, the Court

14   does not find a procedural defect warranting remand.

15        Any procedural defect in the failure to file the attachments to the complaint with the

16   notice of removal is curable and does not deprive the Court of jurisdiction or warrant remand.

17   *See, e.g., McLeod v. AMICA Gen. Agency*, C15-839-RAJ, 2015 WL 13145350, at *3-4 (W.D.

18   Wash. Oct. 29, 2015) (citing "substantial authority from this District" supporting the finding

19   "that failure to include all state court documents pursuant to [LCR] 101(b) with the notice of

20

21        [5] This case, for example, arguably differs from cases in which courts found an amended notice to
     trigger a new thirty-day time period because the original notice insufficiently alleged the citizenship of
22   removing defendants and, "[a]s a matter of common sense, a Plaintiff (and the court) [could not] know
     whether there [was] a valid basis for federal jurisdiction until the removing Defendant properly alleg[ed]
23   the basis for jurisdiction."  *Smith v. Marquette Transportation Co., L.L.C.*, C16-1545, 2017 WL 3648459,
     at *3 (W.D. La. Aug. 1, 2017), report and recommendation adopted, 2017 WL 3648321 (W.D. La. Aug.
24   21, 2017) (citing other Fifth Circuit district court decisions finding the same).

1   removal does not deprive the court of jurisdiction and does not warrant remand.") (citations

2   omitted).  *See also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013)

3   (reversing remand order where defendant did not attach original complaint to its notice of

4   removal and finding "'this *de minimis* procedural defect was curable' even 'after expiration of

5   the thirty-day removal period.'") (quoted and cited sources omitted); *Hood Custom Homes, LLC*

6   *v. Illinois Nat. Ins. Co.*, C08-1506, 2009 WL 1531784, at *6 (D. Or. May 26, 2009) (denying

7   motion to remand upon finding a failure to file exhibits to the complaint with the notice of

8   removal a trivial procedural error that "in no way prejudiced plaintiff or interfered with the

9   court's ability to effectively adjudicate the parties' dispute."); 28 U.S.C. § 1653 ("Defective

10  allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.")  MVO

11  may, as such, cure any defect by filing the documents at issue.

12        Nor does Plaintiff set forth a procedural defect with respect to the identification of

13  counsel or parties consenting to removal.  As required by LCR 101(b)(2), MVO filed

14  contemporaneously with the notice of removal a certificate of service listing and providing

15  contact information for all counsel and pro se parties who had appeared in the matter.  *See* Dkt. 1

16  at 7-8.  MVO also filed the notices of appearance for those counsel, *see* Dkt. 1-3 – 1-8, and, in

17  the amended notice, clarified that all properly joined and served defendants consented to the

18  removal, Dkt. 2 at 2.

19        The failure to mention LCCA is not a procedural defect.  Only the defendants served *at*

20  *the time of the removal petition* must join in or consent to removal.  *Emrich v. Touche Ross &*

21  *Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988) (stating that, while ordinarily all but "nominal,

22  unknown or fraudulently joined parties" must join in a petition for removal, that general rule

23  applies "only to defendants properly joined and served in the action.") (citing *Salveson v.*

24

1  *Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting "a party not served

2  need not be joined" in a petition for removal)); *accord Destfino*, 630 F.3d at 956.  As reflected in

3  a document filed by MVO with the October 27, 2021 notice of removal, no appearance had, as of

4  that date, been entered for LCCA.  Dkt. 1-3 at 4.  *See also* Dkt. 38 (notice of appearance for

5  LCCA entered February 4, 2022).  Plaintiff does not, for this reason and for the reasons stated

6  above, identify the existence of a procedural defect in the removal supporting a remand to state

7  court.

8                                                    CONCLUSION

9            The Court, in sum, finds this matter properly removed and no basis for remand.

10 Plaintiff's Motion to Remand, Dkt. 14, should be DENIED.  The Court should direct MVO to

11 cure any procedural defect by promptly filing the attachments to Plaintiff's complaint.

12                                                    OBJECTIONS

13           Objections to this Report and Recommendation, if any, should be filed with the Clerk and

14 served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and

15 Recommendation is signed.  Failure to file objections within the specified time may affect your

16 right to appeal.  Objections should be noted for consideration on the District Judge's motions

17 calendar for the third Friday after they are filed.  Responses to objections may be filed within

18 **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be

19 ready for consideration by the District Judge on **February 25, 2022**.

20           Dated this 8th day of February, 2022.

21

22                                                    S. KATE VAUGHAN
                                                     United States Magistrate Judge

23

24

REPORT AND RECOMMENDATION - 11