UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAJU A.T. DAHLSTROM,

          Plaintiff,

   v.

LIFECARE CENTERS OF AMERICA, INC., et al.,

          Defendants.

Case No. C21-1465-TL-SKV

ORDER RE: CASE MANAGEMENT

This removed civil matter, in which Plaintiff proceeds pro se, comes before the Court for case management purposes. Following a review of the docket, the Court finds and ORDERS as follows:

(1) The parties recently submitted a Joint Status Report indicating their consent to proceed before a Magistrate Judge. Dkt. 41. However, the docket does not show either proof of service on or notices of appearance for several named defendants.[1] Given the questions as to service and consent, reassignment of this matter to a Magistrate Judge appears premature. The

---

[1] Specifically, there is no proof of service on or appearance on behalf of the following named defendants: Todd Weldon Fletcher; Kelley Falcon; Nancy E. Butner; Tara Lyn Travers; Jennifer Kay Scott; Glenda E. Mendoza Mendez; Thomas & Company, aka Thomas and Thorngren Inc.; Makayla Peery; and Board of Governors.

- 1

Court will, as such, defer action on any reassignment pending determinations as to service and consent.

(2)  A federal court does not have personal jurisdiction over a defendant unless the defendant has been properly served under Federal Rule of Civil Procedure 4.  If a party fails to substantially comply with Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction."  *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Rule 4(m) requires that a plaintiff serve a defendant with the complaint and summons within ninety days.  For a matter removed from state court, the ninety-day period runs from the date of removal.  *Wickersham v. Washington*, C13-1778-JCC, 2014 WL 3846094, at *2 (W.D. Wash. Aug. 5, 2014); *accord Bell v. Olson*, C21-781-JCC-SKV, 2021 WL 6805630, at *2 (W.D. Wash. Dec. 9, 2021) (describing case law), *report and recommendation adopted*, 2022 WL 445040 (W.D. Wash. Feb. 14, 2022).

If a plaintiff fails to timely effect service, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id*.  The Court also has broad discretion to grant an extension for service even in the absence of good cause.  *Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007) (cited source omitted).  The Court may consider, for example, factors such as the length of the delay, actual notice of a lawsuit, prejudice to a defendant, and a statute of limitation.  *Id*. at 1041.

In this case, Plaintiff had until January 25, 2022, ninety-days after the October 27, 2021 removal, to effectuate service.  In response to an email inquiry from the Court, Plaintiff acknowledged his failure to serve all named defendants and explained that failure as based on a

ORDER RE: CASE MANAGEMENT - 2

belief he had been restricted from pursuing service as a result of stays issued in this matter and due to challenges posed by the COVID-19 pandemic. The Court, with consideration of these explanations and Plaintiff's pro se status, finds an extension of the time for service warranted. Accordingly, the Court grants Plaintiff an additional **sixty (60) days** from the date of this Order to complete service. Plaintiff is advised that, in order to effectuate service, he may either seek the issuance of summons from the Court pursuant to Rule 4(b) or provide defendants with requests for waivers of service pursuant to Rule 4(d).

(3)   The Clerk is directed to send copies of this order to the parties and to the Honorable Tana Lin.

Dated this 18th day of February, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: CASE MANAGEMENT - 3