UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAJU A.T. DAHLSTROM,<br><br>                      Plaintiff,<br><br>         v.<br><br>LIFECARE CENTERS OF AMERICA, INC., et al.,<br><br>                      Defendants. | Case No. C21-1465-TL-SKV<br><br>SECOND ORDER RE: CASE MANAGEMENT |

This removed civil matter, in which Plaintiff proceeds pro se, again comes before the Court for case management purposes. Following a review of the docket, the Court finds and ORDERS as follows:

(1) By Order dated February 18, 2022, the Court noted that the docket in this case did not show either proof of service on or notices of appearance for the following Defendants: Todd Weldon Fletcher; Kelley Falcon; Nancy E. Butner; Tara Lyn Travers; Jennifer Kay Scott; Glenda E. Mendoza Mendez; Thomas & Company, aka Thomas and Thorngren Inc.; Makayla Peery; and Board of Governors. Dkt. 42. Because more than ninety days had passed since the removal of this matter on October 27, 2021, Plaintiff's claims as to those Defendants were subject to dismissal without prejudice. See Fed. R. Civ. P. 4 (m) ("If a defendant is not served within 90

SECOND ORDER RE: CASE MANAGEMENT - 1

days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *Wickersham v. Washington*, C13-1778-JCC, 2014 WL 3846094, at *2 (W.D. Wash. Aug. 5, 2014) (for a matter removed from state court, the Rule 4(m) ninety-day period runs from the date of removal); *accord Bell v. Olson*, C21-781-JCC-SKV, 2021 WL 6805630, at *2 (W.D. Wash. Dec. 9, 2021) (describing case law), *report and recommendation adopted*, 2022 WL 445040 (W.D. Wash. Feb. 14, 2022).  However, Rule 4(m) provides for the extension of time for service upon a showing of good cause.  Considering Plaintiff's explanation for the failure to timely serve and his pro se status, the Court granted Plaintiff an additional sixty days, until April 19, 2022, to complete service.  Dkt. 42.

Plaintiff now moves for an additional sixty-day extension of time to complete service.  Dkt. 62.  He states that he has attempted service on all defendants, but his ability to complete service remains a struggle.  To the extent Plaintiff's motion seeks additional time to serve Defendants for whom the Court has either evidence of service or notices of appearance filed on their behalf, *see* Dkt. 62-1 at 2 (Donald Clintsman, Cheryl Strange, William Moss, Amy Finch, James Riccardi, Michelle Reynolds, Cynthia Southerly, Deborah Roberts, Tia Mathews, Daniel Murphy, Sunrise Care Services, Sue Ann Closser, Janelle Saville, Margaret Pattok, Sharon Anderson, Skagit County, and Whatcom County), the request is found unnecessary and is therefore DENIED.

As to the remaining unserved Defendants, the Court finds a more limited extension appropriate.  Plaintiff has now had more than more than five months since the removal of this case to complete service and his request for additional time will only further delay the Court's consideration of numerous motions awaiting resolution.  *See* Dkts. 11, 13, 19, 55 & 65 (motions

to dismiss for failure to state a claim) and Dkt. 16 (motion for a more definite statement). However, with consideration of Rule 4(m) and Plaintiff's pro se status, the Court herein GRANTS Plaintiff's motion for an extension. Dkt. 62. The Court will allow Plaintiff an additional thirty-days, until **May 19, 2022**, to complete service on the following Defendants: Todd Weldon Fletcher; Kelley Falcon; Nancy E. Butner; Tara Lyn Travers; Jennifer Kay Scott; Glenda E. Mendoza Mendez; Makayla Peery; and Board of Governors. If any of these named Defendants remain unserved and/or without a notice of appearance from counsel after May 19, 2022, the Court will recommend dismissal pursuant to Rule 4(m). No further extensions of time for service will be granted.

(2) As noted above, there are a number of unresolved motions in this case. *See* Dkts. 11, 13, 16, 19, 55 & 65. All but one of those motions were stayed by the Court pending resolution of Plaintiff's motion to remand. *See* Dkts. 17 & 22. Although the Court resolved the motion to remand, it has yet to re-note these motions given the outstanding question as to whether all Defendants properly included in this matter consent to proceed before a Magistrate Judge. *See* Dkt. 42 (noting that the parties to the Joint Status Report indicated their consent, but deferring action on any reassignment pending a determination as to service on unserved Defendants and their consent).

The Court will, at the conclusion of the revised deadline for service, require that any Defendants who appeared after the filing of the Joint Status Report on February 11, 2022, inform the Court as to whether they consent to proceed before a Magistrate Judge. The Court also herein STAYS consideration of the motions to dismiss filed after the Court's Order denying the motion to remand, *see* Dkts. 55 & 65. The Court will re-note these and the other stayed motions after May 19, 2022.

SECOND ORDER RE: CASE MANAGEMENT - 3

(3) The Clerk is directed to send copies of this order to the parties and to the Honorable Tana Lin.

Dated this 27th day of April, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

SECOND ORDER RE: CASE MANAGEMENT - 4